**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FRED BREWSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-1399-MLB** |
| | ) | |
| **WAL-MART STORES, INC. ASSOCIATES HEALTH AND WELFARE PLAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This ERISA action is before the court on defendant's motion (Doc. 33) to "clarify and reconsider the court's order denying defendant's motion for a protective order." Plaintiff opposes the motion and, as explained in greater detail below, defendant's motion to "clarify and reconsider" shall be DENIED.

**BACKGROUND**

The circumstances surrounding this case are sufficiently unusual to warrant explanation. The genesis of this lawsuit is an employee benefit plan (the "Plan") sponsored by Wal-Mart

Stores, Inc. and defendant's denial of plaintiff's request for medical-related payments.[1] Highly summarized, plaintiff alleges that he suffered a work-related shoulder injury in the early 1990's and received a settlement for his worker's compensation claim in 1993. More recently, plaintiff sought worker's compensation benefits from Wal-Mart for a new medical problem with his right shoulder that requires surgery. Wal-Mart Stores, Inc. *successfully opposed plaintiff's claim for workers compensation benefits* by persuading an administrative law judge that plaintiff's medical problem was *non-work related*. Thereafter, plaintiff sought a determination that the Plan would pay for the medical procedures necessary to repair his shoulder. However, defendant denied plaintiff payments under the Plan *based on a determination that plaintiff's medical problem was somehow covered by worker's compensation.*[2]

---

1 The relationship between Wal-Mart Stores, Inc., defendant (Wal-Mart Stores, Inc. Associates Health and Welfare Plan), and Claims Management, Inc. (the investigative arm of Wal-Mart) is an issue upon which plaintiff seeks discovery.

2 In the letter denying benefits, defendant cited the following language from the 2002 Associate Benefit book at page 37:

> Worker's Compensation.
> Charges covered and/or paid under any workers compensation law or act; charges for which you have received a work-related settlement; charges for treatment of a work related injury for which the time limit to file a workers compensation claim has expired, or treatment of work-related injury which is not authorized by the participant's employer.

The court cannot discern from the briefing which of the above provisions were relied on by defendant to deny benefits.

Plaintiff served (1) interrogatories, (2) requests for document production, and (3) requests for admissions. Defendant moved for a protective order prohibiting *any* discovery beyond the administrative record. The court denied defendant's motion for a protective order, holding that plaintiff was entitled to conduct discovery concerning (1) potential conflicts of interest and (2) procedural irregularities. (Memorandum and Order, Doc. 29, filed September 10, 2004).

**Defendant's Motion**

Defendant moves for clarification and reconsideration to "prevent clear error and manifest injustice." In support of its motion to reconsider, defendant concedes that the arguments and requested relief in its motion for a protective order were misleading and overly broad:

> [t]he court **understandably believed defendant had not responded to plaintiff's discovery and sought to avoid answering it solely for the reasons set forth in its Motion for Protective Order**; that is, that no discovery should be allowed beyond the Administrative Record.

Brief in Support of Defendant's Motion to Clarify and Reconsider, Doc. 34, p. 1 (Emphasis added). However, defendant now explains that it did in fact serve answers and responses to a number of plaintiff's discovery requests on the same day it moved for a protective order (July 30, 2004). Defendant also asserts, in a confusing fashion, that plaintiff failed to move to compel; therefore, the court should "clarify that no further response is required except as to any discovery that was opposed or objected to solely on the grounds that it exceeded the

administrative record." (Doc. 34, p. 2).[3]

The court declines to enter such an "order of clarification." Defendant's motion for a protective order clearly and unequivocally requested a protective order prohibiting *any* discovery *beyond the administrative record.* This court denied the requested relief, explaining that, under the circumstances of this case, plaintiff was entitled to conduct discovery concerning potential conflicts and procedural irregularities. See, e.g., Caldwell v. Life Ins. Co. v. North America, 165 F.R.D. 633 (D. Kan. 1996)(setting forth both general rule and exceptions); See also Fought v. Unum Life Insurance Co. of America, 379 F.3d 997, 1005 (10th Cir. 2004)(plaintiff carries burden of establishing plan administrator's conflict; describing factual matters beyond administrative record court should consider).[4] The court

---

3 The argument concerning plaintiff's failure to file a motion to compel is exceedingly vague and rejected. Defendant failed to identify the specific discovery requests related to this argument; therefore, the court is unable to provide "clarification."

4 In Caldwell, Judge Rushfelt noted that plaintiff is generally limited to the evidence in the administrative record but added:

> [t]hat the trial court may only review the evidence before the administrator when it denied benefits does not, however, necessarily preclude all discovery. It necessarily only precludes discovery on issues related to the merits of the claim for benefits. A plaintiff may be entitled to discovery to determine *[1] whether the fiduciary or administrator fulfilled his fiduciary role in obtaining the necessary information in order to make his determination, [2] whether the persons who assisted in compiling the record followed the proper procedure, as well as, [3] whether the record is complete.*

Id. (Emphasis added, internal quotation marks and citations omitted). This court adopts the views expressed in Caldwell concerning the potential scope of discovery.

ruled on the arguments presented in defendant's motion for a protective order and no "clarification" is necessary.

Defendant also argues that the court should reconsider its order directing defendant to answer certain written discovery requests. Specifically, defendant asserts that "it would be clear error and manifestly unjust to find that Interrogatory Nos. 1-6, 9-10; Requests for Admission Nos. 2-6; and Requests for Production Nos. 1-4 fall under the exception allowing discovery related to a procedural irregularity." Defendant contends that "a procedural irregularity is merely the failure to follow ERISA regulations" and because plaintiff has not alleged a violation of any specific ERISA regulation, the discovery requests are not appropriate. Plaintiff counters that his discovery requests are "calculated to gauge whether the appropriate legal standards were applied by the Plan and to discern the extent [of] the conflict of interest and procedural irregularities that existed at the time the decision was made."

Defendant's assertion that discovery concerning procedural irregularities is permitted only when the complaint alleges that defendant violated specifically identified ERISA regulations is too narrow. Fed. R. Civ. P. 8(a) establishes the general pleading requirements and plaintiff is only required to set forth in his complaint: (1) a short and plain statement of the grounds for jurisdiction, (2) a short and plain statement of the claim showing that plaintiff is entitled to relief, and (3) a demand setting forth the relief sought. Defendant's contention that plaintiff must allege the violation of specific ERISA regulations is tantamount to the

imposition of a "heightened pleading" requirement, a standard this court declines to impose.[5]

Although defendant's attempt to impose a heightened pleading standard is rejected, the court's analysis of the individual discovery requests is hindered by plaintiff's limited briefing on the requests now challenged by defendant.[6] Given the limited briefing and context in which the new issues have been raised, the court will deny the motion to reconsider and allow the parties an opportunity to confer. To the extent the parties are unable to resolve their remaining discovery issues, plaintiff is granted leave to move to compel.[7] When moving to compel, plaintiff shall identify each specific discovery request to be compelled and elaborate on the

---

5 The ruling here should not be construed as holding that the *only* procedural irregularities for which discovery is permitted relate to ERISA regulations. Irregularities for which discovery may be allowed include a plan administrator's failure to comply with provisions in the Plan for investigating claims. See, e.g., Gaither v. Aetna Life Ins. Co., 394 F. 3d 792 (10th Cir. 2004)(plan fiduciaries "cannot shut their eyes to readily available information" possessed by employer).

6 Plaintiff's limited briefing on these issues is somewhat understandable given defendant's (1) confusing posture on discovery in its motion for a protective order (opposing all discovery while apparently answering some requests) and (2) assertion of new legal issues in its motion for reconsideration.

7 It is not at all clear, for instance, whether Production Request Nos. 1-4 truly present an issue or whether the parties are simply arguing over principle. If there are no documents beyond the "administrative record," defendant should simply say so and delete its lengthy list of qualifying objections.

nature of the procedural irregularity or conflict for which the discovery is sought.[8]

**IT IS THEREFORE ORDERED** that defendant's motion to clarify and reconsider **(Doc. 33)** is **DENIED.** The parties shall confer over the remaining discovery requests and, if unable to resolve the issues, plaintiff shall move to compel by **April 1, 2005.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of March 2005.

S/ Karen M. Humphreys

KAREN M. HUMPHREYS
United States Magistrate Judge

8 For example, Production Request No. 4 seeks a copy of the orthopedic doctor's file and all materials relied upon to generate his/her report. On the surface, this request appears calculated to determine whether the orthopedic doctor considered information beyond that contained in what defendant asserts is the "administrative record." The failure to include such information in the administrative record would appear to be a "procedural irregularity."

Although many of the discovery requests and their relation to procedural irregularities appear rather obvious, such arguments should be asserted and developed by plaintiff rather than the court.